**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4310**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COREY LEON BELL,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (CR-02-524)

Submitted:  November 19, 2003      Decided:  February 18, 2004

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Lee Ellis Berlinsky, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Corey Leon Bell pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000), and one count of using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2000). The presentence investigation report recommended that Bell's base offense level be increased pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(c)(1). Section 2K2.1(c)(1) cross-referenced to USSG § 2X1.1, which increased Bell's base offense level for his use of the firearm in connection with his intended distribution of five grams or more of cocaine base. The district court agreed with the PSR and adopted its findings. The court sentenced Bell to 130 months of imprisonment, to be followed by a five-year term of supervised release.

Bell's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but raising one issue: whether the district court erred in its application of the sentencing guidelines. Specifically, counsel questioned the propriety of cross-referencing to a charge for which Bell had not been convicted. Bell was advised of his right to file a pro se supplemental brief, but he has declined to do so.

We have reviewed the record and conclude that the district court properly applied the sentencing guidelines. Although this court has no published authority on the subject, it is generally accepted that district courts may refer to offenses of which the defendant has not been convicted when cross-referencing from USSG § 2K2.1(c)(1) to USSG § 2X1.1.  <u>See</u>, <u>e.g.</u>, <u>United States v. O'Flanagan</u>, 339 F.3d 1229, 1234 (10th Cir. 2003); <u>United States v. Drew</u>, 200 F.3d 871, 879 (D.C. Cir. 2000).

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm Bell's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -